IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RHETT MASON,
    Petitioner,

vs.                                      Case No.:  3:13cv381/LAC/EMT

MICHAEL D. CREWS,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

        This cause is before the court on Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254 (doc. 1).  Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record (doc. 20).  The court provided Petitioner an opportunity to respond to the motion (*see* docs. 22, 24), but he has not done so.

        The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I.     BACKGROUND AND PROCEDURAL HISTORY

        The relevant aspects of the procedural background of this case are established by the state court record (*see* doc. 20, exhibits).[1]  Pursuant to a written plea agreement, Petitioner pled nolo contendere in the Circuit Court in and for Okaloosa County, Florida, Case Nos. 2006-CF-2684,

---

[1] Hereinafter all citations to the state court record refer to the exhibits submitted by Respondent (*see* doc. 20, exhibits).  If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

2006-CF-2685, 2006-CF-2686, 2006-CF-2687, 2006-CF-2967, 2006-CF-2995, and 2006-CF-2996, to charges of robbery with a firearm, leaving the scene of an accident with property damage, fleeing or attempting to elude a law enforcement officer, burglary of an unoccupied dwelling, burglary of an unoccupied conveyance, burglary of an unoccupied structure, grand theft auto, grand theft of a firearm, grand theft, and criminal mischief (Ex. K at 79–87). After conducting a colloquy, the court accepted the plea (*id.* at 245–51). On May 16, 2007, Petitioner was adjudicated guilty and sentenced to ten (10) years of imprisonment in Case No. 2006-CF-2684 (which charged a single count of robbery with a firearm) with a 10-year mandatory minimum sentence, a consecutive term of 78.6 months of imprisonment on Count 1 in Case No. 2006-CF-2685 (burglary of an unoccupied dwelling), and various sentences on all the other counts, to run concurrently with the 78.6-month sentence in Case No. 2006-CF-2685 (*id.* at 152–59, 255–301). After petitioning for and receiving a belated direct appeal, *see* Mason v. State, 4 So. 3d 717 (Fla. 1st DCA Feb. 24, 2009), Petitioner appealed the judgment to the Florida First District Court of Appeal, Case No. 1D09-1498 (*see* Exs. J, L, O). The First DCA affirmed the judgment per curiam without written opinion on April 20, 2010, with the mandate issuing May 18, 2010 (Exs. P, Q). Mason v. State, 34 So. 3d 6 (Fla. 1st DCA 2010) (Table). Petitioner did not seek further review.

On May 28, 2010, Petitioner filed a motion for reduction or modification of sentence, pursuant to Rule 3.800(c) of the Florida Rules of Criminal Procedure (*see* doc. 1 at 2; *see also* Ex. A). The state circuit court denied the motion on June 1, 2010 (*see* Ex. A).

On October 18, 2010, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (*see* Ex. S at 1–8). On June 13, 2011, the state circuit court entered a final order denying the motion (*id.* at 90–94). Petitioner appealed the decision to the First DCA, Case No. 1D11-3310 (*id.* at 95). On December 27, 2011, the First DCA dismissed the appeal for Petitioner's failure to comply with the court's orders (Ex. BB).

Petitioner filed the instant federal habeas action on June 24, 2013 (doc. 1).

II. ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas

petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

Respondent contends, and Petitioner does not dispute, that the appropriate statutory trigger for the federal limitations period is § 2244(d)(1)(A), the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review (*see* doc. 20). Under federal law, the judgment becomes final for purposes of § 2244(d)(1)(A) upon expiration of the 90-day period in which a defendant may seek direct review of his conviction in the United States Supreme Court. *See* Bond v. Moore, 309 F.3d 770, 773 (11th Cir. 2002). The 90-day period runs from the date of entry of the judgment sought to be reviewed. *See* Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006).

In Petitioner's case, the 90-day period commenced on April 21, 2010, and expired ninety days later on July 20, 2010.[2] The federal limitations period began to run the next day, on July 21, 2010. *See* Wainwright v. Sec'y, Dep't of Corr., 537 F.3d 1282, 1283–84 (11th Cir. 2007) (citing Fed. R. Civ. P. 6(a)); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (Rule 6 applies to calculation of one-year statute of limitations under AEDPA). Petitioner had one year from that date, or until July 21, 2011, to file his § 2254 petition. *See* Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method,"

---

[2] Pursuant to Rule 6 of the Federal Rules of Civil Procedure, the day of the event that triggers the time period is excluded from the calculation, and the last day of the period is included, so the 90-day period expired on July 20, 2010.

Case No.: 3:13cv381/LAC/EMT

under which limitations period expires on anniversary of date it began to run) (citing Ferreira v. Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)).  Petitioner did not file his federal petition on or before July 21, 2011; therefore, it is untimely unless tolling principles apply and render it timely.

Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).  In this case, Petitioner filed a tolling motion (his Rule 3.850 motion) on October 18, 2010, after **89 days** of the federal limitations period expired.[3]  The motion was pending until January 12, 2012, upon expiration of the 15-day period for Petitioner to seek rehearing of the First DCA's December 27, 2011 order dismissing the appeal.  *See* Fla. R. App. P. 9.330(a).  The one-year federal limitations expired **276 days** later (**89 days + 276 days = 365 days**) on October 15, 2012, well prior to Petitioner's filing the instant habeas petition on June 24, 2013.

III.    CONCLUSION

Petitioner's Section 2254 petition was filed after the federal limitations period expired.  Petitioner has not alleged or shown that tolling principles render his petition timely.  Further, he does not argue he is entitled to review of his claims through any other recognized exception to the time bar.  Therefore, the § 2254 petition should be dismissed with prejudice as time-barred.

IV.    CERTIFICATE OF APPEALABILITY

---

[3] On May 28, 2010, Petitioner filed a counseled motion for reduction or modification of sentence in the state circuit court, pursuant to Rule 3.800(c) of the Florida Rules of Criminal Procedure (*see* doc. 1 at 2; Ex. A).  The motion was summarily denied by order of the circuit court on June 1, 2010 (*see* Ex. A).  Not only was this Rule 3.800(c) motion initiated and resolved prior to the commencement of the federal limitations period, but a Florida Rule 3.800(c) motion arguably does not qualify as an application for "State post-conviction or other collateral review" which tolls time under 28 U.S.C. § 2244(d)(2).  *See, e.g.*, Baker v. McNeil, 439 F. App'x 786, 787–89 (11th Cir. 2011) (unpublished), *cert. denied*,132 S. Ct. 1633, 182 L. Ed. 2d 236 (2012); *see also* Shanklin v. Tucker, No. 3:11cv357/RV/MD, 2012 WL 1398186, at *3 (N.D. Fla. Mar. 21, 2012) (unpublished), *Report and Recommendation Adopted by* 2012 WL 1396238 (N.D. Fla. Apr. 23, 2012) (unpublished); Johnson v. Sec'y, Dep't of Corr., No. 6:12cv1218–Orl–36TBS, 2013 WL 1786638, at *2 (M.D. Fla. Apr. 26, 2013) (unpublished).

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (doc. 20) be **GRANTED**.

2. That the petition for writ of habeas corpus (doc. 1) be **DISMISSED with prejudice** as untimely.

3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 28th day of August 2014.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**